# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

# IN AND FOR NEW CASTLE COUNTY

|  |  |  |
|---|---|---|
| STATE OF DELAWARE, | ) | |
| | ) | |
| v. | ) | Cr. ID No. 1210011253 |
| | ) | |
| RICHARD DILLARD, | ) | |
| | ) | |
| Defendant. | ) | |

Submitted: March 31, 2014
Decided: June 30, 2014

*Upon Consideration of Defendant's Motion
For Postconviction Relief,* **DENIED.**

*Upon Counsel's Motion to Withdraw*, **GRANTED.**

## OPINION

Brian J. Robertson, Deputy Attorney General, Department of Justice, Carvel State Office Building, 820 North French Street Wilmington, Delaware, Attorney for the State.

John P. Deckers, Esquire, 800 North King Street, Suite 303, Wilmington, DE 19801.

Richard Dillard, James T. Vaughn Correctional Center, Smyrna, Delaware 19977, *pro se*.

**MEDINILLA, J.**

## INTRODUCTION

Defendant Richard Dillard ("Defendant") entered a plea of guilty to drug dealing on June 17, 2013. Defendant did not file an appeal to the Supreme Court of Delaware. Defendant filed the instant Motion for Postconviction Relief on August 1, 2013. Defendant was appointed counsel, who filed a Motion to Withdraw on February 2, 2014. This Court will consider both Defendant's Motion for Postconviction Relief as well as Defense Counsel's Motion to Withdraw. For the reasons stated below, Defendant's Motion for Postconviction Relief is **DENIED.** Counsel's Motion to Withdraw is **GRANTED**.

## FACTUAL AND PROCEDURAL HISTORY

On October 16, 2012, Defendant was detained by the Wilmington Police Department following a motor vehicle stop for a license plate infraction. As law enforcement officers approached Defendant's vehicle, they suspected he was attempting to hide an unknown object. Upon approaching Mr. Dillard, the officers detected an odor of marijuana and observed in plain view several bags of marijuana in the center console. Defendant was asked to step out of his vehicle, detained for further investigation, and his vehicle was transported to the police station. During a subsequent inventory search, 3,941 grams-or approximately eight (8) pounds-of marijuana were found in the trunk of the vehicle.

2

On January 22, 2013, Defendant was indicted on the following counts: Drug Dealing, Aggravated Possession, Possession of Drug Paraphernalia, Spinning Tires, No Proof of Insurance, and Failure to Transfer Title and Registration, in violation of 16 *Del. C.* §§ 4752(1), 4752(4), 4771,and 21 *Del. C.* §§ 4172, 2118(a), and 2503, respectively.

Defendant filed a Motion to Suppress Evidence on March 26, 2013, which was subsequently withdrawn on May 7, 2013. On June 17, 2013, at his final case review, Defendant entered a plea of guilty to one count of Drug Dealing, in violation of 16 *Del. C.* § 4752(1), and was immediately sentenced.

Defendant filed this Motion for Postconviction Relief on August 1, 2013. As this is his first motion, pursuant to Rule 61(e)(1), counsel was appointed for the purpose of representing Defendant ("Rule 61 Counsel"). Rule 61 Counsel filed a Motion to Withdraw as Counsel on February 6, 2014. In order to thoroughly evaluate Defendant's Rule 61 Motion, and Rule 61 Counsel's Motion to Withdraw, this Court enlarged the record by directing Defendant's trial counsel to submit an affidavit responding to Defendant's claims. Trial Counsel's affidavit was filed on March 18, 2014. The State filed a response to Defendant's Motion for Postconviction Relief on March 31, 2014. This is the Court's ruling with respect to both Motions to Withdraw as Counsel and for Postconviction Relief.

## DISCUSSION

### MOTION TO WITHDRAW AS COUNSEL

This Court will first consider Defense Counsel's Motion to Withdraw.  Rule 61(e)(2) provides:

> If counsel considers the movant's claim to be so lacking in merit that counsel cannot ethically advocate it, and counsel is not aware of any other substantial ground for relief available to the movant, counsel may move to withdraw. The motion shall explain the factual and legal basis for counsel's opinion and shall give notice that the movant may file a response to the motion within 30 days of service of the motion upon the movant.

In his Motion to Withdraw, Rule 61 Counsel represents that he carefully considered Defendant's grounds for relief, and determined each to be without merit.[1]  Rule 61 Counsel further represented that, following a careful review of the record, he found no other substantial claim for relief available to Defendant.[2]  The Motion to Withdraw includes a detailed description of both factual and legal bases for Rule 61 Counsel's opinion and properly noticed Defendant that he would have 30 days to respond.  Defendant did not respond.

---

[1] Motion to Withdraw at 8-9, State v. Dillard, Case No. 1210011253 (Del. Super. Feb 2, 2014).
[2] *Id.* at 12.

4

This Court also conducted its own review of the record, and is satisfied that Rule 61 Counsel properly determined that Defendant does not have a meritorious claim.[3] For the above reasons, Defense Counsel's Motion to Withdraw as Counsel is **GRANTED**.

## MOTION FOR POSTCONVICTION RELIEF

Defendant seeks relief pursuant to Rule 61 based on three theories: (1) Defendant's trial counsel was ineffective, (2) Defendant's Fourth Amendment and Delaware Constitutional rights against unreasonable search and seizures were violated, and (3) Defendant's Double Jeopardy right was violated.

### I. Procedural Considerations

Prior to addressing the substantive merits of any claim for postconviction relief, the Court must first determine whether Defendant has met the procedural requirements of Superior Court Criminal Rule 61.[4] If a procedural bar exists, then the claim is barred, and the Court should not consider the merits of the claim.[5] Specifically, Rule 61(i) imposes four procedural imperatives: (1) the motion must be filed within three years of a final order of conviction; (2) any basis for relief must have been asserted previously in a prior postconviction proceeding; (3) any

---

[3] *Roth v. State*, 2013 WL 5918509, at *1 (Del. 2013).
[4] *Younger v. State*, 580 A.2d 552, 554 (Del. 1990).
[5] *Id.*

basis for relief must have been asserted at trial or on direct appeal as required by the court rules unless the movant shows prejudice to his rights or cause for relief; and (4) any basis for relief must not have been formally adjudicated in any proceeding.

The Court considers the four mandates and determines that Defendant's claims in the instant Motion are not time-barred by Rule 61(i)(1), this is Defendant's first Motion for Postconviction Relief, and none of the claims put forth in this motion were previously asserted.

Defendant, however, faces a procedural barrier under Rule 61(i)(3) because none of the grounds for relief were asserted in the proceedings leading to the judgment of conviction. This bar, however, can potentially be overcome if Defendant falls within the exception set out in Rule 61(i)(5):

> The bars to relief in paragraphs (1), (2), and (3) of this subdivision shall not apply to a claim that the court lacked jurisdiction or to a colorable claim that there was a miscarriage of justice because of a constitutional violation that undermined the fundamental legality, reliability, integrity or fairness of the proceedings leading to the judgment of conviction.

The "miscarriage of justice" or "fundamental fairness" exception contained in Rule 61(i)(5) is "[a] *narrow one* and has been *applied only in limited circumstances,* such as when the right relied upon has been recognized for the first

6

time after a direct appeal."[6] This exception may also apply to a claim of mistaken waiver of fundamental constitutional rights, such as rights to trial, counsel, confrontation, the opportunity to present evidence, protection from self-incrimination and appeal.[7] Accordingly, when a petitioner puts forth a colorable claim of mistaken waiver of constitutional rights, Rule 61(i)(5) is available to him.[8] For the reasons below, this Court finds that Defendant's claims do not fall under the exception contained in Rule 61(i)(5).

## II.   Defendant's Claims

### a.  Ineffective Assistance of Counsel

Defendant first claims that trial counsel's performance "fell below an objective standard of reasonableness," and that, but for this deficient performance, Defendant would not have accepted an offer to plead guilty.

In order to prevail on an ineffective assistance of counsel claim, a defendant must meet the two-pronged *Strickland* test by showing that: (1) counsel performed at a level "below an objective standard of reasonableness" and that, (2) the deficient performance prejudiced the defense.[9] In the context of a plea challenge, a

---

[6] *Younger,* 580 A.2d at 555 (citing *Teague v. Lane,* 489 U.S. 288, 297-99 (1989)) (emphasis added).
[7] *Webster v. State,* 604 A.2d 1364, 1366 (Del.1992).
[8] *Id.*
[9] *Strickland v. Washington*, 466 U.S. 668, 687-88, 694 (1984).

defendant must establish that his counsel's conduct was deficient and that his counsel's deficient actions were so prejudicial that there was a reasonable probability that, but for counsel's deficiencies, the defendant would not have taken a plea but would have insisted on going to trial.[10]

This Court finds that Defendant's ineffective assistance claim does not meet this standard. Defendant does not allege a single fact in support of this argument, but rather, simply parrots the rules from the controlling case law. Conclusory allegations are insufficient to establish a claim of ineffective assistance of counsel.[11] Defendant's signed Plea Agreement, the Truth-in-Sentencing Guilty Plea Form and the full colloquy before this Court, provide more than substantial evidence indicating that Defendant knowingly, voluntarily, and intelligently entered into the plea agreement. Defendant has failed to substantiate or make any evidentiary showing that he did not understand the nature or associated penalties of the charges to which he pled. Defendant fails to establish a violation of his Sixth Amendment right, and fails to establish that there was a miscarriage of justice because of a constitutional violation pursuant to Rule 61(i)(5).[12]

### b. Unreasonable Search and Seizure

---

[10] *Hill v. Lockhart*, 474 U.S. 52, 59 (1985).
[11] *See Younger*, 580 A.2d at 556 ("[defendant] has made no concrete allegations of "cause" . . . and thus, does not substantiate to any degree such a claim.").
[12] *State v. Condon*, 2003 WL 1364619 at *6 (2003).

Defendant next claims as follows:

> VIOLATION OF 4TH AMEND "SEARCH AND SEIZURES" UPON REVIEW OF THIS NATURE, THE FINDINGS OF PROBABLE CAUSE WOULD BE DISTRUB, AND FINDINGS OF EVIDENCE, A CLEARLY WRONG AND DOING OF JUSTICE, ASSERTS CLAIMS REASONABLE EXPECTATION OF PRIVACY

Defendant's suppression argument was not pursued at trial and is therefore barred by Rule 61(i)(3). Trial counsel filed a Motion to Suppress, and subsequently withdrew it. Trial Counsel explained in his affidavit that the motion was withdrawn because "(i) there was a significant chance of a negative ruling and (ii) if . . . unsuccessful, the prosecutor had little incentive to exercise leniency when extending a plea offer. Trial Counsel's assessment of the suppression issues is corroborated by Rule 61 Counsel's Motion to Withdraw, which stated "suppression of the evidence was a long shot at best."[13]

Upon examination of Defendant's claim, this Court finds it lacking in both substance and merit. Defendant waived his right to challenge any alleged errors or defects prior to the entry of his plea, even those of constitutional proportions.[14] Moreover, the record reflects that Defendant was lawfully stopped, marijuana was observed in plain view, and Defendant was legally arrested. The subsequent

---

[13] Motion to Withdraw at 11, State v. Dillard, Case No. 1210011253 (Del. Super. Feb 2, 2014).
[14] *Sommerville v. State*, 703 A.2d 629, 632 (Del. 1997); *Modjica v. State*, 2009 WL 2426675 (Del. 2009); *Miller v. State*, 840 A.2d 1229, 1232 (Del. 2004).

9

search of the vehicle was a valid inventory search. Without any indication of how Defendant's fundamental rights against search and seizures were violated, Defendant has failed to meet his burden under the "miscarriage of justice" exception of Rule 61(i)(5).

### c. Double Jeopardy

Defendant's third and final claim is captioned "Violation of 5th Amendment, Double Jeopardy," and puts forth the following contentions he represents as "facts" in support of his claim:

> A VINDICTIVE PROSECUTION, THE AFFIDAVIT
> OF PROBABLE CAUSE CONTAINS INFORMATION
> WHICH REPRESENTS EITHER INTENTIONAL OR
> RECKLESS MISSTATEMENTS OF POLICE
> APPLICATION FOR SEARCH WARRNT [SIC].

This claim is incomprehensible on its face, and does not conform to the record. The Fifth Amendment to the U.S. Constitution protects a Defendant from being put in jeopardy twice for the same offense.[15] The record does not in any way support a claim of double jeopardy. The record is devoid of any support for Defendant's broad claim of vindictive prosecution or that he was put twice in jeopardy for the same offense. Defendant's reference to a search warrant is also

---

[15] U.S. CONST., amend. V.

misplaced because there was no search warrant applied in this case.[16] In sum, none of Defendant's claims meet the high standard required by the "miscarriage of justice" exception, and the interests of justice do not require this Court to consider this procedurally barred claim for relief.

For all of the foregoing reasons, Defendant's Motion for Postconviction Relief is **DENIED,** and Rule 61 Counsel's Motion to Withdraw is **GRANTED.**

**IT IS SO ORDERED.**

/s/ Vivian L. Medinilla
Judge Vivian L. Medinilla

cc:     Prothonotary

---

[16] Affidavit of Trial Counsel in Response to Defendant's Motion for Post Conviction Relief at 12, State v. Dillard, Case No. 1210011253 (Del. Super. Mar. 18, 2014).