Raymond R. WEBSTER, Defendant
Below, Appellant,

v.

STATE of Delaware, Plaintiff
Below, Appellee.

Supreme Court of Delaware.

Submitted: Jan. 7, 1992.
Decided: Feb. 3, 1992.
Rehearing Denied Feb. 24, 1992.

Raymond R. Webster, pro se.

Richard E. Fairbanks, Jr., Chief of Appeals Div., Dept. of Justice, Wilmington, for appellee.

Before CHRISTIE, C.J., WALSH and HOLLAND, JJ.

WALSH, Justice:

This is an appeal from the summary dismissal of a petition for postconviction relief. The Superior Court ruled the appellant's *pro se* motion to be time barred under Superior Court Criminal Rule 61 because it was filed more than three years after his convictions were final. We hold that appellant's motion contained allegations of a constitutional violation sufficient to avoid the time limitation bar of Rule 61. We therefore reverse the Superior Court and remand the case for an evidentiary hearing on appellant's claims.

## I

On July 23, 1985, the appellant, Raymond R. Webster ("Webster"), pled guilty to one count each of first degree kidnapping, first degree robbery and second degree burglary. He was ordered to serve consecutive sentences for each offense, with the first scheduled to begin after he completed a previous sentence he was then serving in the State of Maryland. He did not appeal.

On November 26, 1990, Webster filed a Motion for Postconviction Relief pursuant to Superior Court Criminal Rule 61. He asserted three grounds: (1) improper plea colloquy under Superior Court Criminal Rule 11; (2) illegal sentencing due to a failure to obtain a victim impact statement under 11 *Del.C.* § 4331(d); and (3) ineffective assistance of counsel. The Superior Court summarily denied the motion as time barred.

In 1987, Superior Court Criminal Rule 32 was amended and Rule 61 entitled "Postconviction Remedy" promulgated.[1] Former Rule 32(d) stated:

**Withdraw of Plea of Guilty.** A motion to withdraw a plea of guilty or nolo contendere may be made only before sentence is imposed or imposition of sentence is suspended; but to correct manifest injustice the Court after sentencing may set aside the judgment of conviction and permit the defendant to withdraw his plea.

In its place, Superior Court Criminal Rule 61 was adopted. The main difference between these two provisions relevant to this appeal is the time bar found in Rule 61(i)(1). While former Rule 32 contained no time limitation, Rule 61(i)(1) clearly provides that a "motion for postconviction relief may not be filed more than three years after the judgment of conviction is final ..." Super.Ct.Crim.R. 61(i)(1).

In this appeal, Webster argues that Rule 61, as applied to him, is not an "adequate" postconviction remedy because he was not given notice of its adoption or, consequently, of the three year limitation while he served his sentence in Maryland. He claims this is justification for relaxing the time bar of Rule 61(i)(1). He also advances the same arguments underlying his motion in the Superior Court.

## II

■ We first address Webster's argument that Rule 61 does not provide an "adequate" postconviction remedy. We note that he raises this claim for the first time on appeal and therefore review it under a plain error standard. Supr.Ct.R. 8; *Wainwright v. State*, Del.Supr., 504 A.2d 1096 (1986).

As we read Webster's *pro se* brief, we view this contention as a claim that Rule 61 fails to provide Webster with due process. This argument, however, was squarely decided in our opinion in *Boyer v. State*, Del.Supr., 562 A.2d 1186 (1989) where we found Rule 61 to be free of constitutional infirmity. We therefore reject Webster's "adequacy" argument and hold that Rule 61 is not unconstitutional as applied to him.

## III

■ Webster does not dispute that his Motion for Postconviction Relief was filed

---

**1.** This rule change became effective January 1, 1988.

more than three years after his convictions. His motion is therefore time barred unless he can satisfy one of the specific exceptions found in Rule 61(i)(5). That section renders the time bar inapplicable to a claim that the sentencing court lacked jurisdiction or "a colorable claim that there was a miscarriage of justice because of a constitutional violation...." Super.Ct.Crim.R. 61(i)(1). Since Webster makes no jurisdictional claim, he is confined to showing a colorable claim that a miscarriage of justice has occurred. Whether or not allegations in a Rule 61 motion present such a "colorable claim" is a question of law and will be reviewed *de novo*. *Cf. Harris v. State*, Del.Supr., 410 A.2d 500, 502 (1979).

■ The State urges us to construe the phrase "miscarriage of justice" to mean, essentially, conviction of an innocent person. In other words, the State suggests we read this exception as applying only when a petitioner can make a colorable claim to factual innocence. *See Kuhlmann v. Wilson*, 477 U.S. 436, 106 S.Ct. 2616, 91 L.Ed.2d 364 (1986).

We believe this standard would be inappropriate in a case such as this. Here, Webster's claims are not an attempt to show an error in the trial or evidentiary procedures by which guilt was determined and thereby raise doubt as to the reliability of the conviction. Rather, he seeks to withdraw his guilty plea. His claim therefore is that he mistakenly waived his entitlement to all the processes by which guilt is determined, a right all criminal defendants enjoy. It is true that the Superior Court need not indulge every claim of mistaken waiver of rights. But when a petitioner makes a colorable claim to a mistaken waiver of important constitutional rights Rule 61(i)(5) is available to him. *Cf. Younger v. State*, Del.Supr., 580 A.2d 552, 555 (1990) (fundamental fairness exception of Rule 61(i)(5) applies where petitioner shows he was deprived of a substantial constitutional right).

In the court below, Webster's first ground for relief was an improper plea colloquy. Attached to his motion as an exhibit was a transcript of the colloquy that occurred when he pleaded guilty in 1985. The transcript reveals a statement read by Webster's attorney to the effect that Webster voluntarily and knowingly waived his rights to trial, counsel, confrontation, the opportunity to present evidence, protection from self-incrimination and appeal. It further reveals that the trial court then asked Webster if he had heard everything the court had said to Webster's co-defendant (whom the court had just finished sentencing). The transcript reflects that Webster nodded in the affirmative in response to this question. Evidently the court then proceeded to read each count from the indictment and asked Webster if he was aware of the penalties and how he pled.

■ Present day Superior Court Criminal Rule 11 sets out the information a sentencing court must obtain before accepting a plea of guilty. *See* Super.Ct.Crim.R. 11(c). Although this version of Rule 11 was not in effect when Webster was sentenced, it is clear that present day Rule 11 is merely a codification of the guidelines set forth in *Brown v. State*, Del.Supr., 250 A.2d 503 (1969). In *Brown* we merely intimated that there was a constitutional dimension to assuring that a guilty plea is knowing and voluntary, *see Brown*, 250 A.2d at 505, but the United States Supreme Court has made it quite clear that such a constitutional interest exists. *See, e.g., McCarthy v. United States*, 394 U.S. 459, 89 S.Ct. 1166, 22 L.Ed.2d 418 (1969). Thus, failure of a trial court to ascertain whether a plea of guilty has been entered knowingly and voluntarily is a concern of constitutional implication.

■ In the present case, the record before us shows little inquiry by the trial court. Aside from responses of "guilty" to the court's recitation of the indictment, a nod of the head when asked if he heard his codefendant's sentencing colloquy and Webster's signature on a guilty plea form, there is very little to support a finding that Webster was aware of the nature and elements of the charges against him, "the first and most universally recognized requirement of due process." *Smith v.*

*O'Grady*, 312 U.S. 329, 334, 61 S.Ct. 572, 574, 85 L.Ed. 859 (1941).

It may be that Webster fully understood the full extent of the charges against him and waived his constitutional rights by pleading guilty with the knowledge and assent the Constitution requires. However, on the face of his petition in the Superior Court he claimed the contrary and supported his claim with a transcript of his sentencing. To be sure, he has not yet established a constitutional violation or manifest injustice. However, we believe he has made a colorable claim which requires further inquiry. We therefore reverse the decision of the Superior Court summarily dismissing the petition for postconviction relief and remand this matter to that court for an evidentiary hearing to determine whether Webster's pleas of guilty were knowing and voluntary.[2]

The judgment of the Superior Court is REVERSED and the case is REMANDED for proceedings consistent with this opinion.

---

2. As for Webster's other grounds for relief, we believe his petition fails to make a colorable claim of manifest injustice because of those contentions. The Superior Court was therefore correct in ruling them to be time barred.