**IN THE SUPERIOR COURT OF THE STATE OF DELAWARE**
**IN AND FOR NEW CASTLE COUNTY**

| | | |
|---|---|---|
| STATE OF DELAWARE, | ) | |
| | ) | |
| v. | ) | I.D. No. 1012006345 |
| | ) | I.D. No. 1106014092 |
| JARREAU AYERS, | ) | |
| | ) | |
| Defendant. | ) | |

Submitted: October 21, 2014
Decided: January 22, 2015

Motion for PostConviction Relief and Motion to Amend Rule 61 Motion for Postconviction
under Section (i)(5), Discovery of New Evidence
***DENIED***

Daniel Logan, Esquire, Deputy Attorney General, Department of Justice, Wilmington, Delaware,
*Attorney for the State.*

Jarreau Ayers, Wilmington, DE, *pro se*.

This 22nd day of January, 2015, upon consideration of the Amended Motion for

Postconviction Relief filed by Jarreau Ayers; the facts and legal authorities set forth in the

Motion for Postconviction Relief and Motion to Amend Rule 61 motion for postconviction

Relief under Section (i)(5), Discovery of New Evidence; and, the entire record in this case:

**FACTUAL BACKGROUND**

1.      On November 23, 2010, while serving a life sentence at the James T. Vaughn

Correctional Center, Mr. Ayers met his girlfriend, Latasha Brown, and his sister, Lakeysha Ayers

in the visitation room. Camera footage showed Ms. Ayers handing her brother a package when

she hugged him.  The security team immediately entered the visitation area.  Mr. Ayers

attempted to run, discarding the package in the hallway.  Officers recovered the package and

found heroin, cocaine, marijuana and a cell phone inside. Thereafter, the State arrested and charged, by indictment, Mr. Ayers, Ms. Ayers and Ms. Brown.

2. Mr. Ayers did not want Ms. Ayers and Ms. Brown (the "Co-Conspirators") to serve jail time for their role in the November 23, 2010 incident, therefore in January 2011, Mr. Ayers wrote to Brendan O'Neill of the Public Defender's Office. Mr. Ayers then communicated with his trial counsel, Kester Crosse (the "Trial Counsel") in hopes of having the State drop the charges against the Co-Conspirators. Mr. Ayers offered to plead guilty to the 1997 murder of David Butler, a cold-case murder, with the condition that the charges against the Co-Conspirators be dropped.

3. On April 20, 2011, Mr. Ayers confessed in a proffer to the murder of Mr. Butler. During the proffer, Mr. Ayers described how he saw Mr. Butler in the 2500 block of North Market Street in Wilmington, ran up to him and shot him in the back of the head. The State corroborated the information with the physical evidence recovered by the police at the time of the 1997 murder and the resulting interviews of that investigation. Mr. Ayers waived his indictment and agreed to be charged with Attorney General's Information.

4. On May 19, 2011, the State dropped the charges against the Co-Conspirators.

5. On June 17, 2011, Mr. Ayers pled guilty to First Degree Murder, Promoting Prison Contraband, and Assault in a Detention Facility. Prior to accepting the guilty plea, the Court engaged in a through colloquy with Mr. Ayers during which Mr. Ayers stated that he was satisfied with his representation by Trial Counsel. After the colloquy, the Court accepted Mr. Ayers' plea as knowingly, intelligently and voluntary given. Pursuant to the agreement, the State recommended a life sentence for the First Degree Murder charge, three years at Level V for the

2

Promoting Prison Contraband charged, and eight years at Level V for the Assault in a Detention Facility charge.

6. On July 29, 2011 the Court followed the State's sentencing recommendation. Mr. Ayers did not appeal his sentence.

## PROCEDURAL BACKGROUND

7. On July 6, 2012, Mr. Ayers filed a Motion for Postconviction Relief (the "Rule 61 Motion"). Mr. Ayers claimed that his Trial Counsel was ineffective because Trial Counsel failed to fully investigate the plea negotiations of Mr. Ayers' Co-Conspirators and to assess the likelihood of the Co-Conspirators serving jail time. Mr. Ayers contends that he would not have pled guilty to the first degree murder charge if he knew that there was a reasonable probability that his Co-Conspirators would received probationary time instead of jail time for the charges stemming from the November 23, 2010 incident.

8. The Rule 61 Motion was referred to a Commissioner for consideration. Before making a recommendation, the Commissioner enlarged the record by directing Trial Counsel to submit an affidavit responding to Mr. Ayers' ineffective assistance of counsel claim in the Rule 61 Motion.[1] After Trial Counsel submitted the affidavit, Mr. Ayers filed a reply thereto.[2] On November 7, 2012, the Commissioner recommended denial of the Rule 61 Motion (the "Commissioner's Report").[3] In recommending denial, the Commissioner took into consideration all of the arguments raised in the Rule 61 Motion, the affidavit of Trial Counsel and Mr. Ayers' reply to the affidavit.

---

[1] D.I. No. 10.
[2] D.I. No. 11.
[3] Commissioner's Report and Recommendation that Defendant's Motion for Postconviction Relief should be Denied (D.I. No. 12). A copy of the Commissioner's Report is attached hereto as Exhibit A.

3

9. On November 28, 2012, upon consideration of the Rule 61 Motion, the Commissioner's Report, and a review of the record, the Court entered an order adopting the Commissioner's Report and denying the Rule 61 Motion (the "Denial Order").[4]

10. Mr. Ayers appealed the Denial Order to the Delaware Supreme Court.

11. On June 24, 2013, the Supreme Court remanded this matter to the Superior Court for the appointment of counsel, amended briefing, and reconsideration of the Rule 61 Motion.[5] In remanding this matter, the Supreme Court cited its decision in *Holmes v. State*[6] and the Superior Court's adoption of an amendment to Rule 61 regarding the appointment of counsel to defendants in first postconviction proceedings.[7] As amended, Rule 61(e) provides that the Court "will appoint counsel for an indigent movant's first postconviction proceeding." In remanding, the Supreme Court made no determinations as to the findings and conclusions made in the Commissioner's Report or the Denial Order.

12. On August 26, 2013, the Court appointed Rule 61 postconviction counsel ("Rule 61 Counsel") to represent Mr. Ayers.[8] The Court directed Rule 61 Counsel to determine whether the Rule 61 Motion presented substantial grounds for relief, or whether an amended postconviction motion would present substantial grounds for relief. In addition, Rule 61 Counsel was to ascertain whether the Court should issue an order directing Trial Counsel to respond to any allegations regarding ineffective assistance of counsel.[9]

13. On April 17, 2014, Rule 61 Counsel filed a Motion to Withdraw as Counsel for Petitioner Jarreau Ayers and a Memorandum in Support of Motion to Withdraw as Counsel for

---

[4] D.I. 13. A copy of the Denial Order is attached hereto as Exhibit B.
[5] *Ayers v. State of Delaware*, 69 A.3d 370 (Table) 2013 WL 3270894 (Del. 2013).
[6] *Holmes v. State of Delaware*, 67 A.3d 1022 (Table) 2013 WL 2297072 (Del. 2013).
[7] Del. Super. Ct. Crim. R. 61(e) (effective May 6, 2013).
[8] Super. Ct. Crim. R. 61(e).
[9] *State v. Ayers*, I.D. Nos. 1106014092 & 1012006345, Order (Del. Super. Ct. Sept. 20, 2013).

Petitioner (the "Withdrawal Motion"). Rule 61 Counsel advised the Court that after a thorough analysis of the record Mr. Ayers' claims did not have enough merit to be ethically advocated. Rule 61 Counsel provided Mr. Ayers with a copy of the Withdrawal Motion. On June 5, 2014 the Court granted the Withdrawal Motion.

14. On August 11, 2014, Mr. Ayers filed a *pro se* Motion to Amend Rule 61 Motion for postconviction Relief under Section (i)(5) Discovery of New Evidence ("Motion to Amend"). On October 2, 2104, the State responded to Defendant's Motion to Amend. On October 21, 2014, Mr. Ayers filed a reply.

15. The Motion to Amend seeks relief under *Brady v. Maryland*[10] because the State did not disclose to Mr. Ayers that there was ongoing misconduct at the Office of the Medical Examiner (the "O.M.E."). The Motion to Amend does not address whether Mr. Ayers wished to additionally continue with his ineffective assistance of counsel claim asserted in the Rule 61 Motion. In the interest of judicial expedience the Court will address both of Mr. Ayers' contentions.

## ANALYSIS

16. Superior Court Criminal Rule 61 ("Rule 61") governs motions for postconviction relief. Before addressing the substantive merits of any claim for postconviction relief, the Court must determine whether Mr. Ayers has satisfied the procedural requirements of Rule 61.[11] Rule 61(i) establishes four procedural bars to postconviction relief: (1) a motion for postconviction relief may not be filed more than one year after the judgment of conviction is final; (2) any ground for relief not asserted in a prior postconviction proceeding is barred; (3) any ground for relief not asserted in the proceedings leading to the judgment of conviction is barred; and (4) any

---

[10] *Brady v. Maryland*, 373 U.S. 83 (1963).
[11] *Younger v. State*, 580 A.2d 552, 554 (Del. 1990).

5

ground for relief previously adjudicated in any proceeding is barred.[12]  The procedural bars

contained in Rule 61(i)(1-4) may be rescinded only if there is a means by which to do so in the

applicable subsection of Rule 61.[13]  Absent such relief, Rule 61(i)(5) provides additional

reprieve from the procedural bars described in Rule 61(i)(1-3).[14]  Under Rule 61 (i)(5), "[t]he

bars to relief in paragraphs (1), (2), and (3) of this subdivision shall not apply to a claim that the

court lacked jurisdiction or to a colorable claims that there was a miscarriage of justice because

of a constitutional violation that undermined the fundamental legality, reliability, integrity or

fairness of the proceedings leading to the judgment of conviction.[15]  Claims alleging ineffective

assistance of counsel meet the "fundamental fairness" and "miscarriage of justice" exceptions of

Rule 61(i)(5).[16]

17.     The Rule 61 Motion and Motion to Amend are not procedurally barred.  While

the Motion to Amend was filed more than a year after the judgment of conviction was final, it

made claims of "miscarriage of justice" due to a *Brady* violation which meets the exception of

Rule 61(i)(5).

18.     To prevail on an ineffective assistance of counsel claim, a petitioner must show

that counsel's performance was deficient and that the deficiency prejudiced the defendant.[17]  To

establish deficient performance, a petitioner must demonstrate that counsel's representation "fell

below an objective standard of reasonableness."[18]  To establish prejudice, the defendant must

show that "there is a reasonable probability that, but for counsel's unprofessional errors, the

---

[12] Super. Ct. Crim. R. 61(i).
[13] *State v. MacDonald*, 2007 WL 1378332 *4 (Del. Super. Ct., May 9, 2007).
[14] *Id*.
[15] Super. Ct. Crim. R.61(i)(5).
[16] *Webster v. State*, 604 A.2d 1364, 1366 (Del. 1992).
[17] *Strickland v.. Washington*, 466 U.S. 668, 687 (1984).
[18] *Id*. at 688.

6

result of the proceeding would have been different."[19]  In the context of an ineffective assistance claim regarding a decision to plead guilty, the movant must show that "there is a reasonable probability that, but for counsel's errors, he would not have plead guilty and insisted on going to trial."[20]

19.     Mr. Ayers' first ground for postconviction relief, asserted in his Rule 61 Motion, was ineffective assistance of counsel because Trial Counsel pursued Mr. Ayers' plea deal to the 1997 murder before finding out whether the Co-Conspirators would be facing jail time. Mr. Ayers contends that he would not have agreed to confess if it was apparent that the Co-Conspirators would not face jail time.  In Mr. Ayers' view, Trial Counsel's alleged failure to conduct a more thorough investigation to determine the likelihood of jail time for the Co-Conspirators constituted ineffective assistance of counsel.

20.     Trial Counsel responded in an affidavit to Mr. Ayers' allegation.[21]  Trial Counsel denies the allegation of ineffective assistance of counsel, and states that he accomplished what Mr. Ayers asked him to do.[22]  Trial Counsel states that Mr. Ayers received exactly what he requested of his Trial Counsel: no jail time for the Co-Conspirators for the November 23, 2010 incident.[23]  Trial Counsel states that barring this deal Trial Counsel could not know the disposition of the case of the Co-Conspirators.[24]  Trial Counsel did not represent the Co-Conspirators.

21.     The Court also finds that Mr. Ayers' ineffective assistance of counsel argument lacks merit for all of the reasons set forth in the Commissioner's Report.  The Commissioner did

---

[19] *Id*. at 691.
[20] *Somerville v. State*, 703 A.2d 629 (Del. 1997).
[21] *State v. Ayers*, I.D. Nos. 1106014092 & 1012006345, Affidavit of Kester I.H. Crosse in Response to Rule 61 Motion for Postconviction Relief (Sept. 7, 2012).
[22] *Id*. at ¶4.
[23] *Id*. at ¶8.
[24] *Id*.

a thorough job in assessing the Rule 61 Motion, the arguments made in the Rule 61 Motion and the facts of these proceedings. On November 28, 2012, after a *de novo* review of the record, the Court adopted the recommendation contained in the Commissioner's Report, denied the Rule 61 Motion and entered the Denial Order. The Court continues to hold that the Rule 61 Motion is denied for the reasons set forth in the Commissioner's Report and the Denial Order. The Court adopts by reference the factual determinations and legal conclusions set forth in the Commissioner's Report and the Denial Order.

22.     Mr. Ayers' second ground for postconviction relief was asserted in the Motion to Amend.[25] Mr. Ayers contends that there was a *Brady* violation because the State did not disclose to Mr. Ayers in 2011, at the time of Mr. Ayers' guilty plea, that there was ongoing misconduct at the O.M.E.

23.     This contention has no merit. Mr. Ayers plead guilty to First Degree Murder and Assault in a Detention Facility, which are charges that have no relation to the O.M.E. The only charge that could relate to the O.M.E. is Promoting Prison Contraband, but this charge included the cell phone that was in the package which was passed to Mr. Ayers. Therefore, even if the State did not consider the heroin, cocaine and marijuana which were in the package, Mr. Ayers would still be charged with Promoting Prison Contraband because of the cell phone.

24.     Moreover, to succeed under a *Brady* claim a defendant must show that (1) evidence exists that is favorable to the accused because it is either exculpatory or impeaching; (2) that evidence is suppressed by the State; and (3) its suppression prejudices the defendant.[26] Mr. Ayers does not contend that the package which is the subject of the November 23, 2010

---

[25] Mr. Ayers took the first page off the motion filed by the Office of the Public Defender in the O.M.E. matter and submitted it as his own motion. While the submission by Mr. Ayers included the signatures of Brendan O'Neill, Esq. and Nicole Walker, Esq. the Court realizes that the signature page was carried over from the motion filed by the Office of the Public Defender, and that the Motion to Amend was submitted *pro se* by Mr. Ayers.
[26] *State v. Wright*, 67 A.3d 319, 324 (Del. 2013).

8

incident did not contain heroin, cocaine or marijuana -- or even the cell phone. Mr. Ayers pled guilty in 2011. The O.M.E. scandal was not known until January 2014.[27] As the State did not know of the problems at the O.M.E. (and thus did not suppress that evidence) there could not have been a *Brady* violation in Mr. Ayers' case.

**CONCLUSION**

For the foregoing reasons **IT IS ORDERED** that Mr. Ayers' Motion for Postconviction Relief is **DENIED** and Mr. Ayers' Motion to Amend Rule 61 Motion for postconviction Relief under Section (i)(5) Discovery of New Evidence is **DENIED**

/s/ Eric M. Davis
Eric M. Davis
Judge

---

[27] *State v. West*, 2014 WL 7466714 *1 (Del. Super. Ct. Dec. 16, 2014).

**EXHIBIT A**

**EXHIBIT B**