**IN THE SUPERIOR COURT OF THE STATE OF DELAWARE**

STATE OF DELAWARE,     )
    )
    )
    )
v.     )      Case Nos.: 1406017459
    )              1508021812
    )
    )
DAYMERE WISHER,     )
    )
Defendant.     )

Date Submitted: October 17, 2023
Date Decided: January 16, 2024

## ORDER DISMISSING DAYMERE WISHER'S MOTIONS FOR POST CONVICTION RELIEF

Upon consideration of Defendant Daymere Wisher's Motions for Postconviction Relief, Superior Court Criminal Rule 61, statutory and decisional law, and the entire record in this case, **IT APPEARS THAT:**

1. On February 22, 2017, Mr. Wisher pled guilty to second-degree murder in Case No. 1406017459 ("Case A") and manslaughter, first-degree attempted robbery, and second-degree conspiracy in Case No. 1508021812 ("Case B").[1]

---

[1] Docket Item A, ("D.I.A") 75; Docket Item B, ("D.I.B") 64.

2.	Following a presentence investigation, on July 21, 2017, Mr. Wisher was sentenced as follows: (i) fifteen years Level V for second-degree murder; (ii) five years Level V for manslaughter; (iii) fifteen years Level V, suspended after five years for decreasing levels of supervision for first-degree attempted robbery; (iv) and two years Level V suspended for two years at Level III for second-degree conspiracy.[2]

3.	On April 18, 2022, Mr. Wisher filed a *pro se* motion for postconviction relief claiming Bribery, Violation of Due Process Law, Coerced Confession of a Guilty Plea, and Ineffective Assistance of Counsel.[3] Specifically, Mr. Wisher contends trial counsel told him that he would only receive ten years and that he pleaded guilty based upon counsel's inaccurate advice.[4] In addition,

---

[2] D.I.A 78; D.I.B 66. Mr. Wisher's conviction became final thirty days after this Court imposed its sentence since Mr. Wisher did not file a direct appeal. Prior to being sentenced, by way of counsel, Mr. Wisher filed a Motion to Withdraw his Guilty Plea which this Court denied. D.I.A 71; D.I.B 58. At the time, Mr. Wisher wanted the Court to consider an argument of ineffectiveness against his trial counsel. In response, trial counsel moved to withdraw as counsel. *See* D.I.A 105 at 2; D.I.B 100 at 2. Mr. Wisher filed an additional Motion to Withdraw Guilty Plea, *pro se,* as well as a Motion for Review of Sentence, which were also denied. Mr. Wisher subsequently appealed this Court's denial to the Delaware Supreme Court. On January 12, 2023, the Delaware Supreme Court issued a mandate affirming this Court's denial of Mr. Wisher's Motion for Review of Sentence. D.I.A 100; D.I.B 95.

[3] D.I.A 88; D.I.B 80. The sentencing judge retired from the bench on December 31, 2022. Mr. Wisher's Motion for Postconviction Relief was assigned to this Judge on March 21, 2023. D.I.A 102; D.I.B 97.

[4] *See Id*. at 3-4.

Mr. Wisher asserts a witness gave a favorable statement on his behalf, but he was still charged after advising trial counsel of his innocence.[5]

4.   Later, Mr. Wisher withdrew his motion for postconviction relief from Case B and replaced it with a new motion for postconviction relief ("Case B Motion"). As to the Case B Motion, filed on July 15, 2022, Mr. Wisher asserts newly discovered evidence in the form of a recorded statement on a USB drive and continues to claim that had he known this information, he would have gone to trial.[6]   In particular, Mr. Wisher contends Karel Blaylock, "a key witness" who testified in an unrelated case, "was offered a deal to bear false witness."[7]

5.   Mr. Wisher subsequently replied to his Case B Motion on July 7, 2023, requesting an evidentiary hearing along with allegations that the State withheld information under *Brady*.[8]   He also asserts that any constitutional

---

[5] *See Id*. at 4.

[6] D.I.B 89.  The recording contains a conversation between two individuals one of which claims that he received a deal from the State in exchange for testifying in an unrelated case.  The recording was submitted separately from Mr. Wisher's Case B Motion by an anonymous individual.  After briefing was complete, the Court discovered that trial counsel and the State were not served with the recorded statement.  In order to consider the recording, the Court requested Mr. Wisher serve trial counsel and the State.  Mr. Wisher advised that he was unable to serve the recordings and requested the Court decide the Case B Motion without considering the recording.  D.I.B 106.

[7] D.I.B 89.

[8] D.I.B 104.  Mr. Wisher contends new evidence exists based upon arguments made in trial counsel's Motion to Sever which asserted that the State identified another person as the shooter.  The Motion to Sever, however, was filed *before* Mr. Wisher accepted the plea agreement with the State on January 26, 2017. *Id.* ¶¶19-21.

violation overrides any procedural bar where there is a colorable claim on the face of the record.[9]

6.     A motion for postconviction relief can be procedurally barred for time limitations, successive motions, procedural defaults, and former adjudications.[10]  If a procedural bar exists, the Court will not consider the merits of the postconviction claim unless the defendant can establish that the procedural bars are inapplicable under Rule 61(d)(2).[11]  Before addressing the merits of any claim of postconviction relief, the Court must determine whether the Motion is procedurally barred under Rule 61(i).[12]

7.     The first procedural bar relates to the timing limitation on postconviction relief.  Under Rule 61(i)(1), a motion for postconviction relief may not be filed more than one year after the judgment of conviction is final.[13] A defendant's conviction becomes final thirty days after this Court imposes its

[9] D.I.B 104.  *Webster v. State*, 604 A.2d 1364 (Del. 1992) (holding petitioner's allegations of an improper plea colloquy raised a colorable claim of constitution violation sufficient to avoid time limitation bar). Defendant's authority is no longer good law as Rule 61 has since been amended to exclude the "manifest injustice" language in which *Webster* relies upon. *See* Order Amending Rule 61 of the Superior Court Rules of Criminal Procedure (Del. Super. June 4, 2014).
[10] Super. Ct. Crim. R. 61(i)(1)-(4).
[11] *Younger v. State*, 580 A.2d 552, 554 (Del. 1990) (concluding defendants postconviction claims were procedurally barred and, therefore, did not address the merits of the issues contained in the postconviction motion); *see also, State v. Taylor*, 2016 WL 1714142, at *3 (Del. Super. April 26, 2016).
[12] *Id*.
[13] Super. Ct. Crim. R. 61(i)(l).

sentence.[14] Where a defendant files a direct appeal, the conviction becomes final when the Delaware Supreme Court issues a mandate or order finally determining the case on direct review.[15] Here, Mr. Wisher's motion is untimely. Mr. Wisher also did not directly appeal his judgment of conviction to the Delaware Supreme Court. Therefore, his conviction was final on August 20, 2017. Mr. Wisher filed his motion for postconviction relief in Case A on April 18, 2022, and in Case B on July 15, 2022, making each motion approximately five years after his conviction. Consequently, both motions are untimely for purposes of postconviction relief.

8. Though Mr. Wisher contends new evidence exists, the exception under Rule 61(d)(2)(i) that would allow its admission is inapplicable since Mr. Wisher was not convicted after trial but rather entered a guilty plea. Since Rule 61 does not include language relating to newly discovered evidence and subsequent motions after a defendant pleads guilty, the motions for postconviction relief are procedurally barred.[16]

9. As to Mr. Wisher's request for an evidentiary hearing, the decision whether to hold an evidentiary hearing is a determination made by the trial

---

[14] Super. Ct. Crim. R. 61(m)(1).
[15] Super. Ct. Crim. R. 61(m)(2).
[16] *State v. Smith*, 2022 WL 601865, at *3 (Del. Super. Feb. 25, 2022) (holding that because the movant pled guilty, "that alone ends the inquiry" as to whether he can avail himself of Rule 61(d)(2)).

5

court.[17] "If it appears that an evidentiary hearing is not desirable, the judge shall make such disposition of the motion as justice dictates."[18] Here, the alleged *Brady* violations and evidentiary issues presented in Mr. Wisher's motions are without merit. As note above, the new evidence was either previously raised in his Motion to Sever or unrelated to Defendant's cases.[19] After considering briefing from the parties and the record, the Court finds an evidentiary hearing undesirable.

For the foregoing reasons, it appears from the motions and the record that Mr. Wisher is not entitled to postconviction relief. Accordingly, each of Mr. Wisher's motions is **DISMISSED** and his request for an evidentiary hearing is **DENIED**.

**IT IS SO ORDERED.**

/s/ Patricia A. Winston
**Patricia A. Winston, Judge**

Original to Prothonotary (Criminal Division)
Cc:   Daniel McBride, Esquire, Department of Justice
       John Downs, Esquire, Department of Justice
       Patrick Collins, Esquire
       Daymere Wisher, *Pro Se*, SBI#: 00633616

---

[17] *See* Del. Super. Ct. Crim. R. 61(h)(1)-(3).
[18] Del. Super. Ct. Crim. R. 61(h)(3).
[19] D.I.B 104 ¶¶19-21.