IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| DAVON GORDON, | § | |
| | § | No. 225, 2024 |
| Defendant Below, | § | No. 312, 2024 |
| Appellant, | § | |
| | § | Court Below: Superior Court |
| v. | § | of the State of Delaware |
| | § | |
| STATE OF DELAWARE, | § | Cr. ID No. 2108015289 (N) |
| | § | Cr. ID No. 2107009883 (N) |
| Appellee. | § | Cr. ID No. 2201000032 (N) |
| | § | Cr. ID No. 2202001715 (N) |
| | § | Cr. ID No. 2201007423 (N) |
| | § | Cr. ID No. 2308008915 (N) |

Submitted: May 21, 2025
Decided: July 14, 2025

Before **SEITZ**, Chief Justice; **VALIHURA** and **TRAYNOR**, Justices.

## **ORDER**

The Court, having considered the briefs and record on appeal, and after oral argument, rules as follows:

(1) Over two years, Davon Gordon amassed numerous domestic violence-related charges. He resolved all of the charges by pleading guilty to five of the indicted counts and was placed on probation. After sentencing, he incurred new criminal charges and was charged with three violations of probation – all involving the same person. He resolved the new domestic violence-related criminal charges

by pleading guilty to one Act of Intimidation. The court sentenced him to eight years in prison, all suspended for decreasing levels of supervision.

(2)     By pleading guilty to an Act of Intimidation, Gordon violated his prior probation conditions – not to commit a new criminal offense. The Superior Court sentenced him to three years of Level V custody for violating probation followed by decreasing levels of supervision. On appeal, Gordon argues that his plea to an Act of Intimidation was not knowing, intelligent, and voluntary because he should have been told that pleading guilty to a crime would result in a violation of his probation. We find that his plea was properly entered and affirm his conviction.

(3)     Mr. Gordon has a history of domestic violence involving the same person. The details of his repetitive criminal behavior are not important to this appeal. What is important is that, after incurring thirty-one charges related to domestic violence, he resolved those charges by pleading guilty to five of the indicted counts. The court sentenced Gordon to Level III probation and other conditions, including no unlawful contact with the victim of his domestic violence.[1] The no-unlawful-contact condition was later upgraded to a no-contact order.[2]

---

[1] Appendix to Opening Br. at A92–95 [hereinafter A__] (Sentence Order, May 1, 2023 convictions).

[2] *See* A109 (Violation Report, July 25, 2023).

(4)     Gordon did not stop his repetitive criminal behavior.  In less than a year, he incurred three violations of probation ("VOP") and new criminal charges – all for domestic violence involving the same person.[3]  The State offered Gordon two pleas – one resolving the violations of probation and the criminal charges, and another resolving just the criminal charges.  Gordon chose the second option.[4]

(5)     On January 29, 2024, Gordon pleaded guilty to an Act of Intimidation. During his plea colloquy with the court, Gordon confirmed that he reviewed the plea paperwork, was guilty of the intimidation charge, entered his guilty plea freely and voluntarily, understood the penalty range for the charge, and acknowledged the constitutional rights he waived by entering the plea.[5]  Gordon also asked the court when his VOP hearing would be scheduled.[6]  The trial judge reiterated that the plea only resolved the new offenses as Gordon chose.[7]  The trial judge then accepted his

---

[3] A99–105 (Violation Report, June 27, 2023); A106–12 (Violation Report, July 25, 2023); A127–28 (Indictment, Sept. 25, 2023); A113–20 (Violation Report Jan. 24, 2024).

[4] A139–40 (Tr. Plea Colloquy) (The State: "There was two offers [sic] today. There was one that would have resolved his VOPs as well. . . . Mr. Gordon has asked to just resolve this case and then handle his VOP at a VOP hearing calendar.").

[5] A152–59.

[6] A161 (Gordon: "Oh, as far as the VOP hearing, will I have that soon so I can kind of get that done, too?").

[7] A162 (The Court: "The Prosecution mentioned they offered you a plea that would have resolved the VOPs. So we're not here on that plea. We have a different plea here.").

plea as "knowingly, intelligently, and voluntarily given,"[8] deferred sentencing, and ordered a presentence investigation.[9]

(6) At the May 17, 2024 sentencing hearing, defense counsel stated that Gordon was present to be sentenced for the Act of Intimidation and his violation of probation.[10] Gordon asked the judge to sentence him to one year total.[11] The Superior Court sentenced Gordon to eight years of Level V custody for the intimidation conviction, suspended for six months of Level IV partial confinement, followed by eighteen months of Level III probation under intensive supervision.[12] For the violations of probation, the court sentenced Gordon to three years of Level V custody with credit for time served, followed by four years of Level III probation.[13]

---

[8] A166.

[9] Gordon's VOP hearings for his 2023 convictions were initially scheduled for July 26, 2023. A13 (ID No. N2107009883, Docket No. 21); A24–25 (ID No. N2108015289, Docket No. 27); A35 (ID No. N2201000032, Docket No. 30); A47 (ID No. N2202001715, Docket No. 40); A57 (ID No. N2201007423, Docket No. 31). The hearings were continued until his new offenses were resolved with the guilty plea.

[10] A197 (Tr. Sentencing Hr.) (Defense counsel: "Mr. Gordon is here for two things: To be sentenced on the Act of Intimidation charge, as well as Violation of Probation.").

[11] *See* A214, A217; *see also* Opening Brief at 17 ("After a lengthy speech, Mr. Gordon asked the judge to sentence him to one year total for all the cases.").

[12] Sentence Order, *State v. Gordon*, ID No. N2308008915 (Del. Super. Ct. May 17, 2024).

[13] Violation of Probation Sentence Order, *State v. Gordon*, ID Nos. N2108015289, N2107009883, N2201000032, N2202001715, N2201007423 (Del. Super. Ct. May 17, 2024).

(7)     Gordon argues on appeal that the Superior Court erred by failing to inform Gordon at the plea hearing that pleading guilty to an Act of Intimidation would foreclose a challenge to his violations of probation.  According to Gordon, he told the court at the January 29, 2024 plea hearing that he wanted to litigate his violations of probation separately.  The parties agree that we review Gordon's claim for plain error.[14]   Under this standard of review, we reverse only if the error complained is so clearly prejudicial to substantial rights that it "jeopardize[s] the fairness and integrity of the trial process."[15]

(8)     "A criminal defendant's decision to plead guilty involves the waiver of several important constitutional rights."[16]   Thus, a valid guilty plea must be entered into knowingly, intelligently, and voluntarily.  A trial judge confirms that a plea is valid by determining, among other things, that the defendant understands the "consequences of his plea."[17]

---

[14] *See Sullivan v. State*, 636 A.2d 931, 937 (Del. 1994) ("[Defendant] did not file a motion to withdraw his guilty pleas in the Superior Court. The absence of such a motion, however, does not preclude review by this Court: '[F]ailure of a trial court to ascertain whether a plea of guilty has been entered knowingly and voluntarily is a concern of constitutional implication.' Therefore, we will review the record of [defendant's] guilty pleas for plain error." (second alteration in original) (quoting *Webster v. State*, 604 A.2d 1364, 1366 (Del. 1992))).

[15] *Burrell v. State*, 332 A.3d 412, 428 (Del. 2024) (citing *Wainwright v. State*, 504 A.2d 1096, 1100 (Del. 1986)); *see* Supr. Ct. R. 8.

[16] *MacDonald v. State*, 778 A.2d 1064, 1074 (Del. 2001).

[17] *Patterson v. State*, 684 A.2d 1234, 1238 (Del. 1996); *see* Super. Ct. Crim. R. 11(c); *Brown v. State*, 250 A.2d 503, 505 (Del. 1969).

(9) We are satisfied that Gordon understood the consequences of his plea. First, when the court sentenced him for the five indicted counts, Gordon was aware that a condition of probation was not to commit new criminal offenses.[18] Second, the Truth-In-Sentencing form put Gordon on notice that pleading guilty to an Act of Intimidation could result in a violation of probation. On the form, Gordon replied "Yes" to the question, "Were you on **probation or parole** at the time of this offense? (A guilty plea may constitute a violation)."[19] During the plea hearing, Gordon acknowledged that he had reviewed and signed the Truth-In-Sentencing form.[20] He also admitted during the plea colloquy that he was "on probation at the time of this offense."[21] Third, during the sentencing hearing, the court asked to hear from defense counsel "on the sentencing for Mr. Gordon's Violation of Probation and sentencing."[22] Counsel responded in Gordon's presence that "Mr. Gordon is here for two things: To be sentenced on the Act of Intimidation charge, as well as the

---

[18] *See, e.g.*, A100 (Violation Report, June 27, 2023) ("It has been alleged that the following conditions of supervision have been violated: 1. You must not commit a new criminal offense or moving motor vehicle offense during the supervision period.").

[19] A131 (Truth-In-Sentencing form).

[20] A152–53 (Tr. Plea Colloquy).

[21] A158–59.

[22] A194 (Tr. Sentencing Hr.).

Violation of Probation."[23]  Finally, Gordon asked the court to sentence him to one year with credit for time served.[24]

(10)  Absent clear and convincing evidence to the contrary, Gordon "is bound by his answers on the Truth-in-Sentencing Guilty Plea Form and by his sworn testimony prior to the acceptance of the guilty plea."[25]  The Superior Court did not plainly err when it accepted Gordon's plea to an Act of Intimidation.

NOW, THEREFORE, IT IS HEREBY ORDERED that the judgment of the Superior Court is AFFIRMED.

BY THE COURT:

*/s/ Collins J. Seitz, Jr.*
Chief Justice

---

[23] A197.

[24] *See* A214, A217.

[25] *Somerville v. State*, 703 A.2d 629, 632 (Del. 1997).